UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>  Plaintiff,<br><br>  v.<br><br>E. BEELER, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-01624-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.   Screening Requirement and Standard**

Plaintiff Edward B. Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 9, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.   Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants:  (1) Correctional Sergeant E. Beeler; and (2) Does 1 through 10.

Plaintiff alleges:

On July 16, 2012, Plaintiff asked Correctional Officer Frayo about cleaning supplies. Correctional Officer Frayo said he would check into it.

On July 18, 2012, Plaintiff wrote to the FAC E Program Sergeant and informed her that Correctional Officer Frayo stated that he would check into the cleaning supplies and that he was tired of having to purchase disinfectant. Sergeant Patterson responded on September 2, 2013, and stated that cleaning supplies are passed out on Thursdays when available.

On August 21, 2012, Inmate Robinson submitted a CDCR 22 requesting supplies for proper cleaning of his quarters. Correctional Officer Lopez stated that inmates had not been issued supplies because buildings had been shorted their supply orders from 24 bottles to 8 bottles a month for the last two orders. When orders were back to normal, then inmates would be afforded cleaning solution.

1   On October 8, 2012, Plaintiff's cell was randomly searched by Correctional Officer Lacero.

2   On October 10, 2012, Plaintiff's cell was searched under the supervision of Defendant Beeler, who interviewed Plaintiff regarding his August 14, 2012 appeal. Defendant Beeler directly supervised and ordered the search. On the same date, Plaintiff informed Correctional Officer E. Guillen that the receipt she sent him (after being called by Defendant Beeler and Officer Lopez and told to give him a receipt) for the alleged contraband was not his property, but was his cellmate's property.

On October 17, 2012, Plaintiff's cellmate admitted that the alleged contraband was his.

On October 24, 2012, Plaintiff wrote a letter to Warden Diaz asking why he had not received any cleaning supplies to clean his cell for over two months. Plaintiff did not receive a response.

On October 29, 2012, Correctional Officer Guillen alleged that she scratched some items off of the original receipt that Plaintiff complained about.

On February 5, 2013, Warehouse Supervisor S. Diaz informed Plaintiff that the warehouse did not cut back on disinfectant for the buildings on FAC E. Plaintiff had been told on several occasions by prison officials that they did not have disinfectant.

On February 11, 2013, Correctional Officer Lopez informed Plaintiff that the building logbook showed that his cell was searched on October 8, 2012, but not October 10, 2012. The October 10, 2012 search should have been logged per custom and practice.

On April 25, 2013, Plaintiff asked Correctional Officer A. Lopez why his cell was searched. Officer Lopez did not respond. Plaintiff asked Correctional Officer Lopez on another date why Defendant Beeler ordered the cell searched. Officer Lopez stated, "I can't say why, but if you called me as a witness, I will say your cell was searched randomly." (ECF No. 1, p. 7.)

During the appeal interview, Defendant Beeler started reading Plaintiff's appeal and stated, "No form of reprisals be taken against "A" for filing this appeal." Plaintiff stated that he already did when he searched the cell. Defendant Beeler stated "don't do appeals and buy disinfect, and I can search your cell whenever I want too [sic]." (ECF No. 1, p. 7.) Defendant Beeler stated during the interview that they did not have to give Plaintiff disinfectant.

3

Plaintiff believes that Associate Warden C. Etchebehere reviewed Defendant Beeler's response and informed him not to state "we don't have to give you disinfect," but state "when available." Plaintiff's appeal now states when available.

Plaintiff claims that on several occasions he had to take antibiotics for staphs for utilizing the toilet and sink in his cell that were not disinfected and cleaned with supplies.

Plaintiff asserts that Defendant Beeler violated his First Amendment rights by retaliating against him for filing an appeal regarding cleaning supplies. Plaintiff also alleges that Defendant Beeler violated his Eighth Amendment rights by not issuing him cleaning supplies for over four months.

Plaintiff seeks compensatory and punitive damages.

**III. Discussion**

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the Does 1 through 10 to any alleged constitutional violation. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each defendant did that resulted in a violation of his rights.

**B. Doe Defendants**

Plaintiff names Does 1 through 10 as defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**C. Eighth Amendment – Conditions of Confinement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150–51 (9th Cir.2010); Foster v. Runnels, 554 F.3d 807, 812–14 (9th Cir.2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

1   Plaintiff's claim of inhumane conditions of confinement is based on allegations that he was not
2   given cleaning supplies for four months. However, Plaintiff fails to allege facts that Defendant Beeler
3   denied Plaintiff's requests for cleaning supplies. Rather, Plaintiff indicates that his requests for
4   supplies were directed to other prison staff, such as Correctional Officer Frayo or Sergeant Patterson.
5   Plaintiff further suggests that he was able to purchase his own cleaning supplies. Plaintiff also fails to
6   allege facts indicating that Defendant Beeler knew of any unsanitary conditions and disregarded a
7   substantial risk of harm. Plaintiff will be given leave to amend this claim.

### D. Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

Plaintiff fails to set forth a cognizable retaliation claim. Although Plaintiff contends that Defendant Beeler ordered a cell search in retaliation for Plaintiff's filing of an appeal complaining about the lack of cleaning supplies, Plaintiff states that contraband was located during the course of the search at issue. Accordingly, Plaintiff fails to plead the absence of any legitimate correctional goals for the alleged conduct. Pratt, 65 F.3d at 806. In other words, Plaintiff admits that there was a legitimate correctional goal, i.e., confiscation of contraband, for the search of his cell. That the

contraband belonged to his cellmate does not alter this analysis. It does not appear that Plaintiff can cure this deficiency by amendment.

### IV.     Conclusion and Order

Plaintiff has failed to state a cognizable claim for relief. However, the Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **August 20, 2014**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28